

**FILED**

**NOV 13 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No: 1:19-cv-02073 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues various John and Jane Does,[1] the District of Columbia, the Mayor of the District of Columbia, the Metropolitan Police Department, the Allied Security Guard Company, Andrew Russell (Supervisor), Cushman & Wakefield, Inc., the "Administrative Conference of the United States Agency," Shawne Gibson, the "Office of Special Counsel Agency," and Kenneth Hendrickson.

The complaint is far from a model in clarity and the intended claims against the defendants are nebulous, at best. The crux of this matter appears to be plaintiff's discontent regarding barring orders allegedly prohibiting him from entering the buildings which house the United States Office of Special Counsel and the Administrative Conference of the United States. Plaintiff alleges that, in 2018, he was roughly escorted out of one or both of those buildings. He seeks copies of the relevant barring orders. Any other relief sought is unclear.

Plaintiff alleges that his prohibition from these buildings violates his Fifth and Fourteenth Amendment Rights, though he provides no authority to support this claim. Access to a federal building is not absolute. *See U.S. Postal Serv. v. Council of Greenburg Civic Ass'ns*, 453 U.S. 114, 129 (1981) (Access to a property is not guaranteed "simply because it is owned or controlled by the government"). Missing from the complaint are any factual allegations to demonstrate plaintiff's entitlement to the relief he seeks.

In the same regard, plaintiff neither alleges that he has made any requests pursuant to the Freedom of Information Act, 5 U.S.C. § 552, nor does he identify any formal or specific agency decision that he may seek to appeal under the Administrative Procedures Act, 5 U.S.C. ch. 5, subch. I § 500, *et seq.*

---

[1] A plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1).

The instant complaint, as currently pled, lacks discernible claims and fails to establish a jurisdictional basis, and thus will be dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

Date: November 8, 2019